NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

RIDGE GROVES CONDOMINIUM )
ASSOCIATION, )
          )
    Appellant, )
          )
v. )   Case No. 2D14-3507
          )
MICHAEL MISSERVILLE, )
          )
    Appellee. )
_____ )

Opinion filed January 15, 2016.

Appeal from the Circuit Court for
Pinellas County; Jack R. St. Arnold,
Judge.

Alexander Allred of Hillard, Cuykendall
& Allred, P.A., Largo, for Appellant.

Mercedes Gonzalez Hale of Law Offices
of Mercedes Gonzalez Hale, P.A.,
Tampa, for Appellee.


NORTHCUTT, Judge

     Ridge Groves Condominium Association appeals a final judgment

adjudicating various claims and counterclaims between itself and Association member

Michael Misserville. Misserville sued the Association, alleging among other things that it

violated section 718.111(12)(c), Florida Statutes (2009), by failing to provide requested

records.  Following a nonjury trial, the trial court ruled in Misserville's favor.  We reverse the court's holding that the Association failed to comply with the statute.

In March 2010, Misserville submitted a records request form to the Association asking for an appointment to inspect and copy a roster of current residents as well as the Association's insurance policies.  Immediately above Misserville's signature, the form stated, "Please provide the undersigned with an appointment to review the records above.  I will call you for the appointment time in the next 5 days."  Misserville signed and submitted the request but never called for the appointment.  Nevertheless, Misserville maintained that the Association violated the statute because it did not deliver the requested documents to him.

Section 718.111(12)(c) grants condominium association members a general right to inspect and copy any association record not expressly excluded by the statute.  See § 718.111(12)(c)(1)-(4).  An association's failure to provide records within ten working days of a written request creates a rebuttable presumption that the association willfully failed to comply with section 718.111(12)(c).  Under the statute, a member who is "denied access" to association records may recover damages for the association's willful failure to comply.  § 718.111(12)(c).  Further, a "failure to permit inspection" entitles the person prevailing in an enforcement action to recover attorney's fees "from the person in control of the records who, directly or indirectly, knowingly denied access to the records."  Id.

However, a member's right to inspect and copy is not limitless.  An association may "adopt reasonable rules regarding the frequency, time, location, notice, and manner of record inspections and copying."  Id.  In this case the Association had

- 2 -

promulgated a written form for requesting access to records for inspection and copying, which provided that the member would call for an appointment. Indeed, testimony at trial reflected that the Association office was not staffed during all business hours.

Misserville contends, and the trial court agreed, that (1) there was no evidence that the Association had adopted the appointment requirement as a rule and (2) the Association was legally obligated to deliver the records. The first proposition is undermined by the existence of the form itself, which Misserville acknowledged was required of Association members seeking to inspect records. He has never contended or proved that the form was improperly adopted or that it was unreasonable. Be that as it may, the second assertion is simply wrong. The statute does not provide that an association must deliver records to a member; rather, it must simply furnish the member a reasonable opportunity to inspect and copy records upon request.

But even if the form had not been properly adopted, and even if the statute could be read to mandate delivery of records to a member upon request, the fact is that Misserville employed the form. He thereby asked to "inspect and copy" the mentioned records and advised that he would call for an appointment to do so within five days. He did not ask the Association to deliver the records to him. The undisputed evidence reflected that upon receiving Misserville's request, the Association copied the records and set them aside in the Association office in anticipation of his call. The trial court's conclusion that the Association failed to comply with Misserville's records request was unsupported by evidence or law.

We reverse that portion of the final judgment wherein the trial court ruled that the Association violated section 718.111(12)(c).  We affirm the judgment in all other respects.

CASANUEVA and SALARIO, JJ., Concur.